IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY F. McREYNOLDS                                                                                    PLAINTIFF

      v.                             Civil No. 06-2209
SEQUOYAH COUNTY CRIMINAL
JUSTICE AUTHORITY; CHRISTINE
CALBERT, Jail Administrator;
HANK SLAPE, Jail Operations Manager;
et al.                                                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action under the provisions of 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis*. The case is before the undersigned for a determination of whether the defendants should be served.

The case concerns events that have occurred at the Sequoyah County Criminal Justice Authority located in Sallisaw, Oklahoma. Plaintiff is incarcerated at that facility and contends his civil rights are being violated by the conditions under which he is confined there or by the manner in which he is treated by the various named defendants.

Under section 1391 (b) venue is proper in federal question cases in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

All the events at issue in this case occurred in Sallisaw, Oklahoma. All named defendants are employed by, or work at, the jail or Sequoyah County. This case has no

-1-

connection with Arkansas at all other than the fact the plaintiff mailed his complaint to the district clerk's office for filing here.

We conclude venue is improper in this district. Under 28 U.S.C. § 1406(a), this court may transfer this case to a district in which this case could have been brought. The case should have been brought in the Eastern District of Oklahoma as that is the district where the individual defendants reside and in which the events occurred. Therefore, it appears the interests of justice would best be served by transferring this case to the Eastern District of Oklahoma (Clerk's Office, 101 N. Fifth Street, Room 208, Muskogee, OK 74401).

I therefore recommend that this case be transferred to the Eastern District of Oklahoma. 28 U.S.C. § 1406(a). The court will leave the issue of whether the defendants should be served to be decided by the Eastern District of Oklahoma.

**McReynolds has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. McReynolds is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of December 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE